# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL HENDRIX**  **PLAINTIFF**
**#284501**

v.  No: 4:22-cv-01099-LPR-PSH

**LEACH,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Michael Hendrix, a former resident at the Faulkner County Detention Center, filed a pro se complaint (Doc. No. 2) on November 15, 2022. His application to proceed *in forma pauperis* has been granted (Doc. No. 16). The Court invited

Hendrix to file an amended complaint to clarify his claims.  Doc. No. 18.  Because Hendrix did not file an amended complaint, the Court screens his original complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.  Hendrix sues Deputy Leach, inmate Murray, and the Faulkner County Sheriff's office.  Doc. No. 2 at 1-2.  He alleges that Leach allowed Murray to be unhandcuffed near him while he was shackled to the waist, and that Murray then attacked him.  *Id.* at 5.  He further alleges that Leach did not ask him if he needed medical help after detaining Murray.  *Id.*  Hendrix's complaint does not set forth sufficient facts to describe a viable claim under § 1983 for the reasons set forth below.

First, Hendrix may not sue another inmate under 42 U.S.C. § 1983.  In order to support a claim for relief against a defendant pursuant to section 1983, a plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).  Inmate William Murray is not a state actor.

Second, the Faulkner County Detention Center is not an entity subject to suit under § 1983.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).

Finally, Hendrix has not set forth sufficient facts to describe a viable failure-to-protect claim against Deputy Leach.  Rather, he alleges that officer Leach left inmate Murray without handcuffs while he remained shackled to the waist.  Doc. No. 2 at 4.  He alleges that Murray then attacked him before Leach detained him.  *Id.*  Hendrix complains that Leach did not ask him if he need medical attention.  *Id.*

The Eighth Circuit Court of Appeals has applied the following standard to pre-trial detainees' failure-to-protect claims:

> The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Schoelch's custodians had a comparable duty to protect Schoelch as a pretrial detainee, although this duty arose under the Due Process Clause of the Fourteenth Amendment. *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir.2007). To prove unconstitutional failure to protect from harm, Schoelch must show (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation omitted), and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

*Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010). The Eighth Circuit Court of Appeals has recognized that prison officials are entitled to qualified immunity when an inmate is attacked by surprise. *See id.*; *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). The facts pleaded by Hendrix do not show that Leach was aware of a substantial risk of harm when he left Murray unhandcuffed. Further, Hendrix does not describe any resulting injuries from the attack by Murray, what medical treatment he needed, and whether he received any treatment. Hendrix's claims should therefore be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Hendrix's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 20th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE